The judgment of the United States Customs Court is *affirmed*.

UNITED STATES *v.* S. B. PENICK & CO. (No. 4028)[1]

United States Court of Customs and Patent Appeals, March 22, 1937

*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Richard E. FitzGibbon*, special attorney, of counsel), for the United States.

*Allan R. Brown* (*Fred J. Carter* of counsel) for appellee.

[1] T. D. 48901.

[Oral argument February 8, 1937, by Mr. Lawrence and Mr. Carter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

This appeal involves the consideration of the proper classification for tariff purposes of certain shipments of herbs and herb leaves, to wit, tarragon leaves and stems, basil leaves and stems, and peppermint leaves, each shipped in large bales or cases of about 100 pounds. At the port of New York they were classified by the Collector of Customs as spices, not specially provided for, under paragraph 781, Tariff Act of 1930, and assessed with duty at 25 per centum ad valorem.

The importer, appellee, protested and claimed, among other things, that the imported goods were classifiable free of duty under paragraph 1722 of said act as vegetable substances, crude or unmanufactured, not specially provided for.

The United States Customs Court, Third Division, sustained the protests of the importer claiming the merchandise free of duty under said paragraph 1722.

From the judgment of said court, the Government has appealed here.

The pertinent provisions of the competing tariff paragraphs follow:

781. * * * mixed spices, and spices and spice seeds not specially provided for, including all herbs or herb leaves in glass or other small packages, for culinary use, 25 per centum ad valorem: * * *.

1722. * * * vegetable substances, crude or unmanufactured, not specially provided for. [free]

The Government makes the following contentions: First. That the importer herein has not produced sufficient evidence to overcome the presumption in favor of the classification of the collector. Second. That the words "mixed spices, and spices and spice seeds not specially provided for" bring within the purview of the paragraph *all spices;* that while the words "including all herbs or herb leaves in glass or other small packages, for culinary use" bring within the paragraph all herbs and herb leaves *which are not spices*, but which are imported in small packages and used for culinary purposes, yet, there are other herbs which *are spices*, and, therefore, necessarily included within the term "spices and spice seeds"; that the instant merchandise is this class of herbs which is spices. Third. That the issue herein is *stare decisis* under the case of *United States* v. *Chili Products Corp.*, 23 C. C. P. A. (Customs) 209, T. D. 48052. Fourth. That the importer has not proved that the instant goods are "crude."

The appellee contends: First. That by judicial decision the term "spices" does not embrace herbs and herb leaves. Second. That Congress by including within paragraph 781 herbs and herb leaves

which are in glass containers or other small packages, intended that herbs or herb leaves in bulk were not to be classified thereunder. Third. That Congress, by the use of the word "including", intended to expand the paragraph so as to make it cover something "which it knew by knowledge of the decisions was not a spice."

In deciding this case we must start with the presumption that the collector properly found in his classification of the merchandise that it was spices. In some of the appraiser's reports to the collector, under the heading "Answer to Protest", it is stated that the merchandise is used for culinary purposes. Two of these reports were made by the appraiser within ninety days from the date of filing the protest. Three of them were not. In view of our conclusion, and for the reasons hereinafter stated, a consideration of this subject matter is not required.

There is no testimony in the record as to the *exact* use of the basil, tarragon or peppermint herbs, or herb leaves, involved. Arthur C. Curran, who had entered this character of merchandise for fifteen years and was connected with the appellee company, stated that the importations were "crude substances", and that they were used "principally as flavors." He was then asked, "How do you know that?" And he answered, "From the sale, where we sell them, and where we ship them.  *  *  *  We sell them to manufacturers of food stuffs, wholesale druggists and manufacturing pharmacists for pharmaceutical products." This proof can hardly be sufficient to show that the presumed finding of the collector that the goods were spices has been shown to be erroneous.

So, it seems that the question presented is: Are herbs and herb leaves (the importations are admitted to be herbs or herb leaves), which in this country are used principally as flavors, and imported in bulk in large bales, dutiable under the provision for "spices and spice seeds not specially provided for" under paragraph 781, or free of duty as "vegetable substances, crude or unmanufactured, not specially provided for" under paragraph 1772.

Appellee in its protests claimed that the merchandise was dutiable as crude drugs. This claim was abandoned, evidently because of the fact that it was apparent that the herbs were edible, the crude drug provision applying only to non-edible materials.

Owing to the character of the record and the issues decided in *United States* v. *Chili Products Corp.*, *supra*, it is not thought that the decision in that case is controlling of our decision here. Certain phases of it will be hereinafter referred to as having some bearing upon one of the issues we are here called upon to decide. In that case we had before us dried marjoram leaves imported in bales of about seventy pounds. They were claimed to be classifiable free of duty as vegetable substances, crude or unmanufactured, under paragraph 1722, Tariff Act

of 1930. They had been assessed as spices, not specially provided for, under paragraph 781 of that act. Without approving the classification of the collector as spices, we reversed the decision of the trial court which held the merchandise free of duty as crude or unmanufactured vegetable substances. The decision of the case turned on the lack of proof.

It should be here noted that the spice provision above quoted in paragraph 781 first appeared in the Tariff Act of 1913 and has been reenacted in substantially the same language in the Tariff Act of 1922 and the Tariff Act of 1930. In the *Chili Products Corp.* case, *supra,* we said:

> At the time paragraph 235 of the tariff act of 1913 was being formulated, the attention of the Congress was called to the decision of the Board of General Appraisers (now United States Customs Court) in the case of *In re Reiss & Brady,* T. D. 31813, Abstract 26276, wherein it was held that thyme and savory leaves were not dutiable as spices under paragraph 298 of the tariff act of 1909, but were free of duty as crude drugs under paragraph 559 of that act, the court citing as authority for its decision the case of *In re Reiss & Brady,* T. D. 30585, Abstract 23178, wherein it was held that thyme, *marjoram,* and savory leaves were not dutiable as spices under paragraph 287 of the tariff act of 1897, but were free of duty as crude drugs under paragraph 548 of that act. See Report to Accompany H. R. 3321, which later became the tariff act of 1913, A Bill to Reduce Tariff Duties to Provide Revenue for the Government and for other Purposes, at page 609.
>
> It will be observed that the Congress included in paragraph 235 of the tariff act of 1913 "all herbs or herb leaves in glass or other small packages for culinary use."

In view of the history of the legislation in question, our decision here depends largely upon what Congress meant by the language used in the tariff act of 1913, and unless there is something to indicate that Congress used substantially the same language in succeeding acts with a different intent, we would not be warranted in giving it a meaning other than that in which Congress used it in the tariff act of 1913. It seems clear to us that at that time certain herbs and herb leaves were used as drugs, and also being aromatic or highly flavored, or both, were used in the culinary art for flavoring foods. The Congress sought to remove from the crude drug paragraph certain herbs and herb leaves which had theretofore been classified as drugs and which were also used for culinary purposes, when the same were put up in glass or other small packages. It seems obvious that such articles when so packaged and used had a spice use and that Congress saw fit to treat them as spices for tariff duty purposes.

Under this statement of facts, it is difficult to conclude that it was ever the intent of Congress to require that *herbs and herb leaves* (except where *eo nomine* provided for) imported in bulk, should be regarded as spices for tariff duty purposes. Whether the term "including" used in paragraph 781 be regarded as one of limitation or one of

extension is not a controlling consideration, and the various authorities on this subject will not be discussed or applied here. It is sufficient to say that Congress saw fit to expressly include in the quoted language introduced by the word "including," only such herbs and herb leaves as were used for culinary purposes and were in glass or other small packages. The well-known rule of *expressio unius est exclusio alterius* applies. We think the fact that Congress expressly included the one indicates a disposition to exclude the other. It may be suggested that it is anomalous to hold that herbs and herb leaves used in large quantities by the seasoners of foods should be admitted free of duty, while the same goods in smaller packages used by others would be made dutiable. This conclusion does not necessarily result in an anomalous situation. If imported in bulk, the herbs or herb leaves do not in that condition compete with small cans of herbs or herb leaves, packed and prepared in this country, and used for culinary purposes. To agree with the contention of the Government amounts to a holding that the term "in glass or other small packages" was superfluous language and had no meaning in the three tariff acts in which it was used since herbs and herb leaves used for culinary purposes would take the rate of 25 per centum as "spices" in any event. It is our view that the plain meaning of the controverted term in paragraph 781 suggests that Congress intended to make only such herbs and herb leaves, even though they be spices, dutiable at 25 per centum if they were imported in glass or other small packages and used for culinary purposes.

We are not impressed with the Government's contention that by the term "herbs or herb leaves in glass or other small packages, for culinary use" Congress had in mind only such herbs and herb leaves as were not spices but which were, when imported in that size packages, used for culinary purposes, and that it was intended for the broad term "spices" in the paragraph to include all such herbs and herb leaves as were in fact spices. The difficulty with this position is that there is nothing in the legislative history or in the context of the paragraph involved that suggests such a conclusion and which would prevent the application of the rule of *expressio unius est exclusio alterius*. Therefore, we conclude that, with the exception of such herbs and herb leaves as were *eo nomine* provided for at a different rate in said paragraph 781, Congress regarded herbs and herb leaves in the same category with spices only when the same were put up in small packages and used for culinary purposes.

We next come to the second question for decision. Has the importer proven that its merchandise was not only improperly classified but that it should have been classified as a crude or unmanufactured vegetable substance, not specially provided for? As in the *Chili Products Corp.* case, *supra*, issue has been raised on the question as to whether or not the record shows that the herbs and herb leaves in-

volved are crude and unmanufactured. The record is meager and not very satisfactory on this question. The samples are before us and they have the appearance of being merely dried leaves and stems. Said witness Curran was asked, "Are they all crude substances?" and his answer was, "They are." This is the only testimony or other fact except the sample which throws any light on the question. It seems that at the trial the crude or unmanufactured character of the importation was not seriously in question. No doubt, if asked, the witness would have stated upon what facts he based his conclusion. No objection was made to the testimony nor was further testimony concerning the crude character of the substances sought by either side. The trial court, upon the evidence, expressly held that the merchandise was crude and unmanufactured, and we are constrained to hold that in this particular the decision is not erroneous.

We are of the opinion that the trial court committed no error in sustaining the protests of the importer and in holding the merchandise free of duty under said paragraph 1722. Its judgment is *affirmed.*